UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID BATTENSBY, CDCR # AC-8920, <br><br>                                    Plaintiff, <br><br>v. <br><br>RONALD ZHANG; M. SOUSLEY; S. ROBERTS, M.D.; S. GATES, Chief, <br><br>                                    Defendants. | Case No.: 3:20-cv-0001-BAS-MDD <br><br>**ORDER:** <br><br>**1) GRANTING PLAINTIFF'S MOTION TO PROCEED IN FORMA PAUPERIS PURSUANT TO 28 U.S.C. § 1915(a) (ECF No. 2)** <br><br>**2) DISMISSING DEFENDANTS SOUSLEY, ROBERTS, AND GATES PURSUANT TO 28 U.S.C. § 1915(e)(2) AND 28 U.S.C. § 1915A(b)** |

Plaintiff David Battensby, incarcerated at the Richard J. Donovan Correctional Facility ("RJD") in San Diego, California filed a pro se civil rights Complaint pursuant to 42 U.S.C. Section 1983. ("Compl.," ECF No. 1.) Plaintiff claims that Defendants violated his Eighth Amendment rights by discontinuing Plaintiff's morphine prescription and denying his grievance and subsequent appeals. (*See id.* at 3–5.) Plaintiff did not pay the

fee required by 28 U.S.C. § 1914(a) when he filed his Complaint, instead filing a Motion to Proceed In Forma Pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a). (*See* ECF No. 2.)

## I. Plaintiff's Motion to Proceed IFP

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $400.[1] *See* 28 U.S.C. § 1914(a). The action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. Section 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). However, a prisoner who is granted leave to proceed IFP remains obligated to pay the entire fee in "increments" or "installments," *Bruce v. Samuels*, 136 S. Ct. 627, 629 (2016); *Williams v. Paramo*, 775 F.3d 1182, 1185 (9th Cir. 2015), and regardless of whether his action is ultimately dismissed. *See* 28 U.S.C. § 1915(b)(1), (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

Section 1915(a)(2) requires prisoners seeking leave to proceed IFP to submit a "certified copy of the trust fund account statement (or institutional equivalent) for . . . the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005). From the certified trust account statement, the Court assesses an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no assets. *See* 28 U.S.C. § 1915(b)(1); 28 U.S.C. § 1915(b)(4). The institution having custody of the prisoner then collects subsequent payments, assessed at 20% of the preceding

---

[1] In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $50. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Oct. 1, 2019)). The additional $50 administrative fee does not apply to persons granted leave to proceed IFP. *Id.*

month's income, in any month in which his account exceeds $10, and forwards those payments to the Court until the entire filing fee is paid. *See* 28 U.S.C. § 1915(b)(2); *Bruce*, 136 S. Ct. at 629.

In support of his IFP Motion, Plaintiff has submitted a certified copy of his trust account statement pursuant to 28 U.S.C. Section 1915(a)(2) and Civil Local Rule 3.2. *Andrews*, 398 F.3d at 1119. The Court has reviewed Plaintiff's trust account activity, as well as the attached prison certificate verifying his available balances. (*See* ECF No. 3, at 1-3.) These documents show that he carried an average monthly balance of $0.03 and had $0.00 in average monthly deposits to his trust account for the six months preceding the filing of this action, and that Plaintiff had an available balance of just $0.17 at the time of filing. (*See id.*)

Therefore, the Court **GRANTS** Plaintiff's Motion to Proceed IFP (ECF No. 2), and declines to impose the initial partial filing fee pursuant to 28 U.S.C. Section 1915(b)(1), which would be a fraction of a cent in any event, because his prison certificate indicates he may currently have "no means to pay it." *See* 28 U.S.C. § 1915(b)(4) (providing that "[i]n no event shall a prisoner be prohibited from bringing a civil action or appealing a civil action or criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee."); *Taylor*, 281 F.3d at 850 (finding that 28 U.S.C. Section 1915(b)(4) acts as a "safety-valve" preventing dismissal of a prisoner's IFP case based solely on a "failure to pay . . . due to the lack of funds available to him when payment is ordered."). Instead, the Court directs the Secretary of the CDCR, or his designee, to collect the entire $350 balance of the filing fees required by 28 U.S.C. Section 1914 and to forward them to the Clerk of the Court pursuant to the installment payment provisions set forth in 28 U.S.C. Section 1915(b)(1).

///
///
///

## II. Initial Screening pursuant to 28 U.S.C. Sections 1915(e)(2) and 1915A

### A. <u>Standard of Review</u>

Because Plaintiff is a prisoner and is proceeding IFP, his Complaint requires a pre-Answer screening pursuant to 28 U.S.C. Sections 1915(e)(2) and 1915A(b). Under these statutes, the Court must sua sponte dismiss a prisoner's IFP complaint, or any portion of it, which is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. *See Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (discussing 28 U.S.C. Section 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. Section 1915A(b)). "The purpose of [screening] is 'to ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'" *Nordstrom v. Ryan*, 762 F.3d 903, 920 n.1 (9th Cir. 2014) (quoting *Wheeler v. Wexford Health Sources, Inc.,* 689 F.3d 680, 681 (7th Cir. 2012)).

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under [Section] 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (noting that screening pursuant to Section 1915A "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)"). Rule 12(b)(6) requires a complaint to "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (internal quotation marks omitted); *Wilhelm*, 680 F.3d at 1121. While the court "ha[s] an obligation where the petitioner is pro se, particularly in civil rights cases, to construe the pleadings liberally and to afford the petitioner the benefit of any doubt," *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (citing *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985)), it may not "supply essential elements of claims that were not initially pled." *Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

B. **Factual Allegations**

Plaintiff alleges that following a back surgery in May 2018 he was prescribed two pain medications, morphine and Lyrica. (Compl. at 3.) Although Plaintiff alleges that he was in moderate pain even while taking these medications, his pain was managed sufficiently for him to sleep and eat normally. (*Id.*) In January 2019, Defendant Dr. Ronald Zhang told Plaintiff that he was discontinuing Plaintiff's morphine prescription "because (1) there was no morphine detected on [Plaintiff's] urine test," and (2) because Plaintiff kept "bothering" Zhang about his persistent back pain. (*Id.*)

Plaintiff contends that once he stopped receiving morphine, his pain quickly escalated, consistently reaching 9/10 or 10/10 in intensity. (*See id.*) The pain is so severe that Plaintiff does not feel hungry, and when he does eat he often feels ill. (*See id.*) Additionally, Plaintiff alleges that the pain prevents him from sleeping, which increases his anxiety and gives him suicidal thoughts. (*See id.*) As a result, Plaintiff asked to see Dr. Zhang again, and "basically told him that [his] pain is in a level 10 constantly, which [is] intentionally inflicting pain on [him] . . . ." (*Id.*) Nevertheless, Zhang refused Plaintiff's requests to renew his morphine prescription, allegedly telling Plaintiff that he "didn't care about [Plaintiff's] pain." (*Id.*) Plaintiff alleges that this conduct constituted deliberate indifference to Plaintiff's medical conditions, violated his Eighth Amendment right to medical care, and constitutes cruel and unusual punishment. (*Id.*)

Dissatisfied with Zhang's decision, Plaintiff submitted a prison grievance. (*See id.* at 4.) As part of the grievance procedure, Plaintiff was initially interviewed by a nurse, Defendant M. Sousley. (*Id.* at 4.) Although Plaintiff's allegations are somewhat unclear, Sousley apparently explained that Dr. Zhang's decision could not be reversed through the grievance process, and subsequently denied Plaintiff's grievance. (*See id.*) Plaintiff alleges that Soulsey ignored various facts in denying the grievance, namely the details of Plaintiff's pain, which Plaintiff argues constitutes an emergency or situation requiring urgent

///

1  intervention. (*See id.*) As a result, Plaintiff argues that Sousley should be held liable for
2  deliberate indifference and cruel and unusual punishment. (*See id.*)

3  Plaintiff levels similar claims against Defendant S. Roberts, who is the chief medical
4  executive, and Defendant S. Gates, the chief of health care appeals, both of whom reviewed
5  Plaintiff's appeals of Sousley's decision denying Plaintiff's grievance. (*See id.* at 5.)
6  Plaintiff, based on the medical records he submitted in connection with his appeals, argues
7  that Defendants Roberts and Gates knew that Plaintiff was experiencing serious pain and,
8  despite having the authority to intervene, chose not to. (*See id.*) Plaintiff asserts that these
9  actions also constitute deliberate indifference and cruel and unusual punishment. (*Id.*)

### C. **Eighth Amendment**

Defendant Zhang. Plaintiff alleges that Defendant Zhang discontinued Plaintiff's morphine prescription because (1) the drug was not detected on Plaintiff's drug test, and (2) Plaintiff was "bothering" Zhang about his back pain. (*See* Compl. at 3.)

The Eighth Amendment requires that inmates have "ready access to adequate medical care," *Hoptowit v. Ray*, 682 F.2d 1237, 1253 (9th Cir. 1982), and "deliberate indifference to serious medical needs of prisoners" violates the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). Although a "mere 'difference of medical opinion . . . [is] insufficient, as a matter of law, to establish deliberate indifference,'" *Toguchi v. Chung*, 391 F.3d 1051, 1058 (9th Cir. 2004) (quoting *Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1996)), a plaintiff may state a claim for deliberate indifference when, among other things, he or she alleges that a medical decision "was taken not in the exercise of medical judgment, but for non-medical reasons." *See Hardy v. Three Unknown Agents*, 690 F. Supp. 2d 1074, 1092 (C.D. Cal. 2010); *see also Egberto v. Nevada Dep't of Corrs.*, 678 F. App'x 500, 505 (9th Cir. 2017) (holding qualified immunity is unavailable for prison medical personnel where reasonable jury could conclude treatment was denied or delayed for non-medical reasons).

///

As currently pleaded and accepting all factual allegations as true, the Court finds that Plaintiff's Complaint states a claim that his morphine prescription was discontinued for non-medical reasons. Plaintiff's Complaint is thus sufficient to survive the "low threshold" set for sua sponte screening pursuant to 28 U.S.C. sections 1915(e)(2) and 1915A(b). The fact that Plaintiff may have been annoying Defendant Zhang with his complaints of back pain is not a medical reason for discontinuing a prescription. Further, although Plaintiff alleges that Zhang also discontinued Plaintiff's morphine prescription because Plaintiff tested negative for morphine, that does not alter the Court's conclusion. (*See* Compl. at 3.) To be sure, this allegation suggests that there may have been a valid medical reason for discontinuing Plaintiff's prescription, namely the concern that Plaintiff was not actually taking the medication. *See Shufelt v. Silva*, No. 17-cv-1652-LAB (RBM), 2019 WL 762656, at *5 (S.D. Cal. Feb. 21, 2019) (concluding that prison official's motivations to "prevent drug abuse, addiction, and overdose" were legitimate medical and penological reasons for discontinuing a morphine prescription). If that concern did in fact motivate Defendant Zhang's decision, however, it is at best only implied by Plaintiff's allegations and not referenced in any of the exhibits attached to Plaintiff's Complaint. (*See generally* ECF No. 4.) In fact, the exhibits to Plaintiff's Complaint state that immediately before his morphine was discontinued, Plaintiff tested positive for morphine. (*See id.* at 13.)

As a result, and with the benefit of the liberal construction to which pro se pleadings are entitled, the Court concludes that Plaintiff has stated an Eighth Amendment claim against Defendant Zhang.[2]

---

[2] Plaintiff is cautioned that a difference of opinion as to appropriate medical treatment does not state an Eighth Amendment claim. *See Toguchi*, 391 F.3d at 1058; *see also Peacock v. Horowitz*, No. 2:13-cv-2506 TLN AC P, 2016 WL 3940346, at *6 (E.D. Cal. July 21, 2016) (noting that although allegations of bias against prescribing morphine were sufficient to state an Eighth Amendment claim at the screening stage, they were insufficient at summary judgment in light of evidence contradicting plaintiff's complaint).

<u>Defendants Sousley, Roberts, and Gates.</u>  The Court finds that Plaintiff has not stated a claim against Defendants Sousley, Roberts, and Gates.  Plaintiff alleges only that these Defendants violated his rights in reviewing, processing, and denying his grievance and appeals.  (*See* Compl. at 4–5.)  A prison official's allegedly improper processing of an inmate's grievances or appeals, without more, cannot serve as a basis for section 1983 liability.  *See generally Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003) (prisoners do not have a "separate constitutional entitlement to a specific prison grievance procedure"); *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988) (due process not violated simply because defendant fails properly to process grievances submitted for consideration); *see also Todd v. Cal. Dep't of Corrs. & Rehab.*, 615 F. App'x 415, 415 (9th Cir. 2015) (district court properly dismissed claim based on improper "processing and handling of . . . prison grievances" because prisoners have no "constitutional entitlement to a specific prison grievance procedure"); *Shallowhorn v. Molina*, 572 F. App'x 545, 547 (9th Cir. 2014) (district court properly dismissed section 1983 claims against defendants who "were only involved in the appeals process").  Moreover, Plaintiff has not alleged that Defendants Sousley, Roberts, or Gates were personally involved in a violation of Plaintiff's rights or that their conduct caused such a violation.

For these reasons, Plaintiff's claims against Defendants Sousley, Roberts, and Gates are dismissed without prejudice sua sponte for failure to state a plausible claim upon which Section 1983 relief may be granted.  *See* 28 U.S.C. §§ 1915(e)(2), 1915A(b).

**D.     <u>Leave to Amend</u>**

In light of his pro se status, the Court will grant Plaintiff leave to amend his pleading deficiencies with respect to Defendants Sousley, Roberts, and Gates, if he can.  *See Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) ("A district court should not dismiss a pro se complaint without leave to amend [pursuant to 28 U.S.C. Section 1915(e)(2)(B)(ii)] unless 'it is absolutely clear that the deficiencies of the complaint could not be cured by amendment'" (quoting *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012))).  Given the

Court's finding that Plaintiff's claim may proceed against Defendant Zhang, however, Plaintiff may choose whether to file an amended complaint or to proceed solely with his claim against Defendant Zhang.

To that end, the Court grants Plaintiff leave in which to file a First Amended Complaint which cures all the deficiencies of the pleading noted above. Any First Amended Complaint must be filed **on or before March 13, 2020** and must be complete in itself without reference to the superseded pleading. This includes Plaintiff's claim against Defendant Zhang, which, as explained above, survives screening, and which, if Plaintiff wishes to continue to pursue it, must be realleged if Plaintiff chooses to file a First Amended Complaint. Defendants not named and claims not realleged in the First Amended Complaint will be deemed to have been waived. *See King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987). If Plaintiff's First Amended Complaint fails to state a claim upon which relief may be granted, it may be dismissed without further leave to amend. If Plaintiff does not wish to amend his Complaint to cure the deficiencies noted above, and wishes instead to proceed only with his Eighth Amendment claim against Defendant Zhang, he may do so by notifying the Court of that decision in writing no later than **March 13, 2020**. Should Plaintiff choose to proceed without amendment, the Court will direct the U.S. Marshal to effect service upon Defendant Zhang on Plaintiff's behalf at that time. *See* 28 U.S.C. § 1915(d).

### III. Conclusion and Order

For the reasons discussed, the Court:

1) **GRANTS** Plaintiff's Motion to Proceed IFP (ECF No. 2);

2) **DIRECTS** the Secretary of the CDCR, or his designee, to collect from Plaintiff's prison trust account the $350 filing fee owed in this case by garnishing monthly payments from his account in an amount equal to twenty percent (20%) of the preceding month's income and forwarding those payments to the Clerk of the Court each time the amount in the account exceeds $10 pursuant to 28 U.S.C. Section 1915(b)(2). ALL

9

3:20-cv-0001-BAS-MDD

PAYMENTS SHALL BE CLEARLY IDENTIFIED BY THE NAME AND NUMBER ASSIGNED TO THIS ACTION;

    3) **DIRECTS** the Clerk of the Court to serve a copy of this Order on Ralph Diaz, Secretary, California Department of Corrections and Rehabilitation, P.O. Box 942883, Sacramento, California, 94283-0001;

    4) **DISMISSES** Plaintiff's claims against Defendants Sousley, Roberts, and Gates in their entirety without prejudice sua sponte for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. Sections 1915(e)(2) and 1915A(b); and

    5) **GRANTS** Plaintiff leave in which to file a First Amended Complaint which cures all the deficiencies of the pleading noted above. Any First Amended Complaint must be complete in itself without reference to the superseded pleading. *See* S.D. Cal. Civ. L.R. 15.1. This includes Plaintiff's claim against Defendant Zhang, which, as explained above, survives screening, and which, if Plaintiff still wishes to pursue it, must nevertheless be realleged if Plaintiff chooses to file a First Amended Complaint. Defendants not named and claims not realleged in the First Amended Complaint will be deemed to have been waived. If Plaintiff's First Amended Complaint fails to state a claim upon which relief may be granted, it may be dismissed without further leave to amend. If Plaintiff does not wish to amend his complaint to cure the deficiencies noted above, and wishes instead to proceed only with his Eighth Amendment claim against Defendant Zhang, he may do so by notifying the Court of that decision in writing no later than **March 13, 2020**. Should Plaintiff choose to proceed without amendment, the Court will direct the U.S. Marshal to effect service upon Defendant Zhang on Plaintiff's behalf at that time. *See* 28 U.S.C. § 1915(d).

**IT IS SO ORDERED.**

**DATED: January 28, 2020**

                                              *Cynthia Bashant*
                                              Hon. Cynthia Bashant
                                              United States District Judge