UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID BATTENSBY,<br>CDCR # AC-8920,<br><br>                              Plaintiff,<br><br>v.<br><br>RONALD ZHANG; M. SOUSLEY; S. ROBERTS, M.D.; and S. GATES, Chief,<br><br>                              Defendants. | Case No.:  3:20-cv-0001-BAS-MDD<br><br>**ORDER**<br><br>**(1) DISMISSING DEFENDANTS ROBERTS AND GATES PURSUANT TO 28 U.S.C. § 1915(e)(2) AND 28 U.S.C. § 1915A(b);**<br><br>**AND**<br><br>**(2) DIRECTING U.S. MARSHAL TO EFFECT SERVICE UPON DEFENDANTS ZHANG AND SOUSLEY PURSUANT TO 28 U.S.C. § 1915(d) AND FED. R. CIV. P. 4(c)(3)** |

Plaintiff David Battensby, currently incarcerated at the Richard J. Donovan Correctional Facility ("RJD") in San Diego, California, and proceeding pro se, has filed a civil rights action pursuant to 42 U.S.C. Section 1983. The Court granted Plaintiff's Motion to Proceed In Forma Pauperis ("IFP"), but dismissed Plaintiff's initial Complaint

(ECF No. 1) as to three of the four named Defendants, granting Plaintiff the option to proceed with his claims against the remaining Defendant or to file an amended pleading. (*See* ECF No. 5, at 9.) Plaintiff chose the latter option and filed a First Amended Complaint claiming that Defendants violated his Eighth Amendment rights by discontinuing his morphine prescription and denying his grievance and subsequent appeals. (*See* First Amended Complaint, "FAC," ECF No. 6.)[1]

## I. Screening Pursuant to 28 U.S.C. Sections 1915(e)(2)(B) and 1915A

### A. Standard of Review

Because Plaintiff is a prisoner and is proceeding IFP, his Complaint requires a pre-Answer screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b). Under these statutes, the Court must *sua sponte* dismiss a prisoner's IFP complaint, or any portion of it, which is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. *See Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc) (discussing 28 U.S.C. § 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)). "The purpose of [screening] is 'to ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'" *Nordstrom v. Ryan*, 762 F.3d 903, 920 n.1 (9th Cir. 2014) (quoting *Wheeler v. Wexford Health Sources, Inc.,* 689 F.3d 680, 681 (7th Cir. 2012)).

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (noting that screening pursuant to § 1915A "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure

---

[1] All citations to the FAC are to the page numbers generated automatically by the Court's electronic filing system.

1  12(b)(6)").  Rule 12(b)(6) requires a complaint to "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Wilhelm*, 680 F.3d at 1121.  While the court "ha[s] an obligation where the petitioner is pro se, particularly in civil rights cases, to construe the pleadings liberally and to afford the petitioner the benefit of any doubt," *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (citing *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985)), it may not "supply essential elements of claims that were not initially pled." *Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

"Courts must consider the complaint in its entirety," including "documents incorporated into the complaint by reference" to be part of the pleading when determining whether the plaintiff has stated a claim upon which relief may be granted. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007); *Schneider v. Cal. Dep't of Corrs.*, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998); *see also* Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes.").

**B.     Factual Allegations**

Plaintiff alleges that following a back surgery in May 2018, he was prescribed two pain medications: morphine and Lyrica.  (FAC at 3.)  Although Plaintiff was in moderate pain even while taking these medications, his pain was managed sufficiently for him to sleep and eat normally.  (*Id.*)  In January 2019, Defendant Dr. Ronald Zhang told Plaintiff that he was discontinuing Plaintiff's morphine prescription "because (1) there was no morphine detected on [Plaintiff's] urine test," and (2) because Plaintiff kept "[b]othering" Zhang about his persistent pain.  (*Id.*)

Plaintiff contends that the first reason Zhang cited, the negative test, is untrue.  (*See id.* at 5.)  According to Plaintiff, he tested positive for morphine shortly before his prescription was discontinued, yet Zhang stated that another test, which Plaintiff was not allowed to see, was negative.  (*See id.* at 5.)  Plaintiff asserts that Zhang lied about the

results of this second test "to justify discontinuing a known effective medication." (*Id.* at 6.) Plaintiff also notes that decisions on his subsequent administrative grievances do not mention any negative test, a fact that Plaintiff argues bolsters his claim that Zhang was untruthful. (*See id.*) Even if he did test negative, Plaintiff contends that this result has an innocent explanation—either he was tested on a day that he forgot to take a dose or he did not receive a full dose as a result of the way in which medication is distributed in the prison. (*See id.*) Regardless, Plaintiff alleges that it is improper for a doctor to discontinue a medication as "a 'disciplinary action'" for testing negative without substituting "another similar[ly] potent pain medication." (*See id.*)

Plaintiff explains that after Dr. Zhang discontinued the prescription, his pain quickly escalated, consistently reaching 9/10 or 10/10 in intensity. (*See id.* at 3.) The pain is so severe that Plaintiff does not feel hungry, and when he does eat, he often feels ill. (*See id.*) Additionally, Plaintiff alleges that the pain interferes with his breathing and prevents him from sleeping, which in turn increases his anxiety and gives him panic attacks and suicidal thoughts. (*See id.* at 3–4.) As a result, Plaintiff asked to see Dr. Zhang again, and "basically told him that [his] pain is in a level 10 constantly, which [is] intentionally inflicting pain on [him] . . . ." (*Id.* at 3.) Nevertheless, Zhang refused Plaintiff's requests to renew his morphine prescription, and allegedly told Plaintiff that he "didn't care about [Plaintiff's] pain." (*Id.*) Plaintiff alleges that this conduct constituted deliberate indifference to Plaintiff's medical conditions in violation of the Eighth Amendment. (*See id.* at 3–5.) As Plaintiff emphasizes, his demand is not necessarily for the reinstatement of his morphine prescription, and he is open "to any type of pain medication Dr[.] Zhang will be willing to give me. All I wanted was for an effective course of treatment." (*See id.* at 5.)

Dissatisfied with Zhang's decision, Plaintiff submitted an administrative grievance. (*See id.* at 7.) As part of the grievance procedure, Plaintiff was interviewed by a nurse, Defendant Sousley. (*See id.*) Plaintiff told Sousley that he was in serious pain since his morphine prescription was discontinued, explaining that the pain interfered with his sleep

and breathing, caused anxiety and panic attacks, and led to suicidal thoughts. (*See id.*) Sousley allegedly told Plaintiff that "even if [Plaintiff] came in with a broken arm complaining that [the] doctor put [him] on [an] ineffective course of treatment," Sousley could not reverse the doctor's treatment decision. (*Id.*) Although Plaintiff argued that Sousley, as a nurse, could "recommend emergency or urgent intervention to another doctor or someone that can modify [Plaintiff's] course of treatment," Sousley refused, instead urging Plaintiff to go back to Dr. Zhang. (*See id.*) After their conversation, Sousley denied Plaintiff's grievance. (*Id.*) Plaintiff contends that Sousley was deliberately indifferent to Plaintiff's serious medical needs because Sousley: (1) personally observed Plaintiff's condition during the interview and failed to intervene to address Plaintiff's medical needs; (2) delayed interviewing Plaintiff regarding the grievance for approximately five weeks after the grievance was filed; and (3) omitted facts from his decision that were discussed at the interview because they would have shown that Dr. Zhang violated Plaintiff's Eighth Amendment rights. (*See id.* at 7–8.)

After his interview with Sousley, Plaintiff's grievance was reviewed by a doctor, Defendant Roberts, who Plaintiff alleges is "the medical executive who has experience on medical terms." (*Id.* at 10; *see also id.* at 25 (grievance decision signed "S. Roberts, MD").) Roberts allegedly reviewed Plaintiff's medical records and "must [have] seen that [Plaintiff had] been complaining of being in [pain]" since his morphine prescription was discontinued. (*See id.* at 10.) Nevertheless, Roberts denied Plaintiff's grievance. (*See id.* at 23–25.) As with Plaintiff's claims against Sousley, Plaintiff contends that Roberts violated Plaintiff's Eighth Amendment rights by failing to promptly address Plaintiff's grievance and taking more than two months to respond. (*See id.* at 5.) Additionally, Plaintiff alleges that Roberts was personally involved in his alleged injuries because "when an inmate receives from a doctor a[n] adverse decision that affects [his] daily life [the] inmate has to file [a] grievance," and that the purpose of such a submission "is for a higher authority th[a]n the doctor [to] review [the] grievance [and] make a[n] <u>intervention</u> such as

asking another doctor to address [the inmate's] complaint and give [him an] adequate course of treatment." (*See id.* at 11 (emphasis in original).) Plaintiff argues that "those who receive [and] review facts on grievances and after noticing serious medical conditions or other serious conditions [and] fail to intervene or do something to minimize the serious conditions when they could have, are 'deliberate[ly] indifferen[t].'" (*See id.* at 11–12.)

Plaintiff's appeal of Roberts' decision was reviewed and denied by Defendant Gates. (*Id.* at 10; *see also id.* at 16–18 (attaching Gates' full decision).) Gates is the chief of the "Health Care Correspondence and Appeals Branch" of "California Correctional Health Care Services." (*See id.* at 18.) Plaintiff does not allege that Gates is medically trained or had any direct contact with Plaintiff, only that Gates reviews health care appeals and, by reviewing Plaintiff's medical records, "knew that [his] course of treatment . . . switch[ed] on 1-17-19 [and] became ineffective," and declined to intervene despite Plaintiff's "serious medical condition." (*See id.* at 10.) This conduct, Plaintiff asserts, is sufficient to allege that Gates was "personally . . . involved" in the alleged violation of Plaintiff's Eighth Amendment rights. (*See id.* at 12.)

### C. Eighth Amendment

The Eighth Amendment requires that inmates have "ready access to adequate medical care," *Hoptowit v. Ray*, 682 F.2d 1237, 1253 (9th Cir. 1982), and "deliberate indifference to serious medical needs of prisoners" violates the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). Although a "mere 'difference of medical opinion . . . [is] insufficient, as a matter of law, to establish deliberate indifference,'" *Toguchi v. Chung*, 391 F.3d 1051, 1058 (9th Cir. 2004) (quoting *Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1996)), a plaintiff may state a claim for deliberate indifference when, among other things, he or she alleges that a medical decision "was taken not in the exercise of medical judgment, but for non-medical reasons." *See Hardy v. Three Unknown Agents*, 690 F. Supp. 2d 1074, 1092 (C.D. Cal. 2010) (citing *Jackson*, 90 F.3d at 332); *see also Egberto v. Nevada Dep't of Corrs.*, 678 F. App'x 500, 505 (9th Cir. 2017) (holding

qualified immunity unavailable for prison medical personnel where reasonable jury could conclude treatment was denied or delayed for non-medical reasons).

As the Court explained in granting Plaintiff's Motion to Proceed IFP, (*see* ECF No. 5, at 7), Plaintiff's Eighth Amendment allegations against Defendant Zhang are sufficient to survive the "low threshold" set for *sua sponte* screening pursuant to 28 U.S.C. Sections 1915(e)(2) and 1915A(b). *See Wilhelm*, 680 F.3d at 1123. "The fact that Plaintiff may have been annoying Defendant Zhang with his complaints of back pain is not a medical reason for discontinuing a prescription, and other courts have found similar allegations sufficient to state a claim." (ECF No. 5, at 7 (citing *Hung v. Sandhir*, 295 F. App'x 584, 585–86 (4th Cir. 2008) (allegations that medical treatment was delayed due to physician's annoyance with a prisoner were sufficient to survive a motion to dismiss); *Farrow v. West*, 320 F.3d 1235, 1247 (11th Cir. 2003) (concluding that it was reasonable to infer that medical treatment was delayed because of physician's statement that he was "sick of being bother[ed] with" the plaintiff's complaints)).) The First Amended Complaint also contains additional facts rebutting the potential counterargument that there was a valid medical reason for Zhang's decision, specifically alleging that Zhang's claim that Plaintiff tested negative for morphine was false, had an innocent explanation, or is otherwise irrelevant. (*See* FAC at 5–6.) Accordingly, the Court once again concludes that Plaintiff has stated an Eighth Amendment claim against Defendant Zhang. *See Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000) (noting the court's duty to construe pro se prisoner's pleadings liberally when screening complaints pursuant to 28 U.S.C. Section 1915A).

With regard to the remaining Defendants, the Court explained in its previous order that a prison official's allegedly improper processing of an inmate's grievances or appeals, without more, cannot serve as a basis for Section 1983 liability. *See generally Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003) (prisoners do not have a "separate constitutional entitlement to a specific prison grievance procedure"); *see also Todd v. Cal. Dep't of Corrs. & Rehab.*, 615 F. App'x 415, 415 (9th Cir. 2015) (district court properly dismissed claim

based on improper "processing and handling of . . . prison grievances," since prisoners have no "constitutional entitlement to a specific prison grievance procedure." (citing *Ramirez*, 334 F.3d at 860)). Additionally, there is no vicarious liability for civil rights violations, and a Section 1983 plaintiff must allege that each defendant was personally involved in or caused the alleged civil rights violation. *See Iqbal*, 556 U.S. at 676–77. Because Plaintiff's initial complaint alleged "only that [Defendants Sousley, Roberts, and Gates] violated his rights in reviewing, processing, and denying his grievance and appeals," and failed to allege that "Defendants Sousley, Roberts, or Gates were personally involved in a violation of Plaintiff's rights or that their conduct caused such a violation," the Court dismissed Plaintiff's claims against those Defendants, granting leave to amend. (ECF No. 5, at 8–9.)

With the benefit of the additional allegations contained in Plaintiff's First Amended Complaint, however, the Court finds that Plaintiff has stated an Eighth Amendment claim against Defendant Sousley. As First Amended Complaint clarifies, Defendant Sousley is a medically trained nurse who was made aware of Plaintiff's medical needs directly by interviewing Plaintiff and reviewing his medical records. (*See* FAC at 7–12.) Plaintiff specifically alleges that he told Sousley of "this urgent and emergency situation" and that Sousley is "a [r]egistered [n]urse who has the right to make [a] doctor see [Plaintiff] . . . ," and that if Sousley had contacted a doctor immediately, then Plaintiff's medical condition could have been addressed promptly. (*See id.* at 8–9.)

Although the Ninth Circuit has not ruled on whether medically-trained individuals who learn of an inmate's serious medical needs through interviews or reviewing medical records in connection with grievances or appeals may be held liable if they fail to order treatment addressing those needs, "[t]he emerging consensus . . . is that a medically-trained official who reviews and denies an appeal is liable under the Eighth Amendment when a plaintiff can show that the official knew, at least in part, from reading the appeal that the plaintiff had a serious medical issue and nevertheless chose not to offer treatment." *See*

*Pogue v. Igbinosa*, No. 1:07CV-01577-GMS, 2012 WL 603230, at *9 (E.D. Cal. Feb. 23, 2012); *see also Nicholson v. Finander*, No. CV 12-9993-FMO JEM, 2014 WL 1407828, at *7 (C.D. Cal. Apr. 11, 2014) ("The Ninth Circuit has not ruled on whether a supervisor who learns about unconstitutional behavior from a prisoner's grievance and fails to intervene is personally involved in the constitutional violation, and the district courts are divided on the issue."). This is particularly true for medically trained individuals like Sousley, who personally interviews inmates in connection with their medical grievances. *See, e.g.*, *Arellano v. Sedighi*, No. 15-cv-2059-AJB-BGS, 2018 WL 1083386, at *10–11 (S.D. Cal. Feb. 27, 2018) (recommending denial of a motion to dismiss deliberate indifference claims against a nurse who interviewed the plaintiff during the grievance process), *adopting and overruling objections*, 2019 WL 1040365 (S.D. Cal. Mar. 5, 2019); *Arreola v. Pomazal*, No. 15-cv-1179-JAM DBP, 2017 WL 3149581, at *11 (E.D. Cal. July 25, 2017) (concluding that because the defendant who interviewed plaintiff in his medical appeal was a doctor, and therefore medically trained, he "had the ability to determine whether plaintiff was receiving appropriate medical care and address plaintiff's complaint that he was receiving inadequate pain medication"); *Arreola v. Dudley*, No. 2:08-00805 JMS, 2010 WL 3033806, at *4 (E.D. Cal. July 30, 2010) (holding that allegations that a defendant interviewed plaintiff regarding his medical grievance and lied to plaintiff about his diagnosis were sufficient as part of a "larger allegation of deliberate indifference to [p]laintiff's medical needs"); *Coleman v. Adams*, No. 1:06-cv-00836-AWI-SKO PC, 2010 WL 2572534, at *7 (E.D. Cal. June 22, 2010) (explaining that Eighth Amendment allegations stemming from an administrative interview were sufficient to survive a motion to dismiss because "Plaintiff's claim is premised on the fact that Defendants were aware of a substantial risk to his safety and ignored it"). Accordingly, the Court finds that Plaintiff has stated a claim against Sousley sufficient to survive the "low threshold" set for *sua sponte* screening pursuant to 28 U.S.C. Sections 1915(e)(2) and 1915A(b). *See Wilhelm*, 680 F.3d at 1123.

The First Amended Complaint does not, however, state a claim against Defendants Roberts and Gates. Plaintiff does not allege that he had any personal contact with Defendants Roberts or Gates, or that they were personally involved in decisions regarding Plaintiff's treatment except by reviewing the information contained in his medical records or gathered by Defendant Sousley. (*See generally* FAC at 10–12.) Unlike Defendants Zhang, Sousley, and Roberts, Plaintiff does not allege that Defendant Gates has any medical training, (*see id.* at 12), and although the attached appeal decision identifies Gates as the chief of "Health Care Correspondence and Appeals Branch" of California Correctional Health Care Services, (*see id.* at 18), nothing in the First Amended Complaint or the attached documents suggests Gates had any such training or did anything other than rely on the medical opinions of staff who investigated Plaintiff's "complaints and already signed off on the treatment plan." *Peralta v. Dillard*, 744 F.3d 1076, 1087 (9th Cir. 2014) (concluding that a physician's response to a grievance completed in reliance on medical staff did not state an Eighth Amendment claim). Similarly, although Plaintiff emphasizes that Defendant Roberts is "the medical executive who has experience on medical terms," (FAC at 10), Plaintiff does not allege that Roberts treated or examined Plaintiff or did anything aside from rely on the opinions of the medical staff who did examine and treat Plaintiff, namely Zhang and Sousley. *See Arellano*, 2018 WL 1083386, at *9 n.9 (distinguishing between claims against a nurse who interviewed the plaintiff regarding his medical conditions and the "Chief Physician and Surgeon at RJD" because the plaintiff "failed to allege that [the Chief Physician] treated or examined Plaintiff or was otherwise actually aware of the alleged constitutional violation" (citing *Peralta*, 744 F.3d at 1087)); *see also Arellano*, 2019 WL 1040365 ("Walker does have the title Chief Physician and Surgeon, however Walker was justified in relying on the opinions of qualified medical staff in responding to Plaintiff's grievances." (citing *Peralta*, 744 F.3d at 1087)).

For these reasons, Plaintiff's claims against Defendants Roberts and Gates are dismissed *sua sponte* for failure to state a plausible claim upon which Section 1983 relief may be granted. *See* 28 U.S.C. §§ 1915(e)(2), 1915A(b).

### D. Leave to Amend

Because Plaintiff has already been provided a short and plain statement of his pleading deficiencies as to Defendants Roberts and Gates, as well as an opportunity to amend those claims to no avail, the Court finds that granting further leave to amend would be futile. *See Gonzalez v. Planned Parenthood*, 759 F.3d 1112, 1116 (9th Cir. 2014) ("'Futility of amendment can, by itself, justify the denial of . . . leave to amend.'" (quoting *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995))); *Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 1007 (9th Cir. 2009) ("[W]here the plaintiff has previously been granted leave to amend and has subsequently failed to add the requisite particularity to its claims, [t]he district court's discretion to deny leave to amend is particularly broad." (second alteration in original)).

### III. Conclusion and Order

For the reasons discussed, the Court:

1) **DIRECTS** the Clerk of the Court to serve a copy of this Order on Ralph Diaz, Secretary, California Department of Corrections and Rehabilitation, P.O. Box 942883, Sacramento, California, 94283-0001;

2) **DISMISSES** Plaintiff's claims against Defendants Roberts, and Gates in their entirety without prejudice *sua sponte* for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. Sections 1915(e)(2) and 1915A(b) and without further leave to amend; and

3) **DIRECTS** the Clerk to issue a summons as to Plaintiff's First Amended Complaint (ECF No. 6) upon Defendants Zhang and Sousley and to forward it to Plaintiff along with a blank U.S. Marshal Form 285 for each of these Defendants. In addition, the Clerk will provide Plaintiff with a certified copy of this Order, a certified copy of his

Amended Complaint, and the summons so that he may serve the Defendants. Upon receipt of this "IFP Package," Plaintiff must complete the Form 285 as completely and accurately as possible, include an address where these Defendants may be served, *see* S.D. Cal. Civ. L.R. 4.1.c, and return it to the United States Marshal according to the instructions the Clerk provides in the letter accompanying his IFP package;

      4) **ORDERS** the U.S. Marshal to serve a copy of the Amended Complaint and summons upon Defendants Zhang and Sousley as directed by Plaintiff on the USM Form 285 provided to him. All costs of that service will be advanced by the United States. *See* 28 U.S.C. § 1915(d); Fed. R. Civ. P. 4(c)(3);

      5) **ORDERS** the Defendants Zhang and Sousley, once served, to reply to Plaintiff's Amended Complaint within the time provided by the applicable provisions of Federal Rule of Civil Procedure 12(a). *See* 42 U.S.C. § 1997e(g)(2) (while a defendant may occasionally be permitted to "waive the right to reply to any action brought by a prisoner confined in any jail, prison, or other correctional facility under section 1983," once the Court has conducted its sua sponte screening pursuant to 28 U.S.C. Sections 1915(e)(2) and 1915A(b), and thus, has made a preliminary determination based on the face on the pleading alone that Plaintiff has a "reasonable opportunity to prevail on the merits," defendant is required to respond); and

      6) **ORDERS** Plaintiff, after service has been effected by the U.S. Marshal, to serve upon the Defendants, or, if appearance has been entered by counsel, upon Defendants' counsel, a copy of every further pleading, motion, or other document submitted for the Court's consideration pursuant to Fed. R. Civ. P. 5(b). Plaintiff must include with every original document he seeks to file with the Clerk of the Court, a certificate stating the manner in which a true and correct copy of that document has been was served on the Defendants or their counsel, and the date of that service. *See* S.D. Cal. Civ. L.R. 5.2. Any document received by the Court which has not been properly filed with

1 | the Clerk, or which fails to include a Certificate of Service upon the Defendants, may be
2 | disregarded.
3 |   **IT IS SO ORDERED.**
4 | **DATED: May 22, 2020**

                   Hon. Cynthia Bashant
                   United States District Judge